(Rev. 5/05)

ORIGINAL

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) Millard E. Price  441452
   (Name of Plaintiff)     (Inmate Number)

1181 Paddock Road
Smyrna, DE 19977
   (Complete Address with zip code)

(2) _____
   (Name of Plaintiff)     (Inmate Number)

_____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) Michael E. Deloy, Warden

(2) _____

(3) _____
   (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

: 
: 
: 
: 
: 
:             4 4 4
: _____
:      (Case Number)
: ( to be assigned by U.S. District Court)
: 
: 
: 
: 
: **CIVIL COMPLAINT**
: 
: 
: 
:    • • Jury Trial Requested
: 
: 

FILED
JUL 17 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I.   **PREVIOUS LAWSUITS**

A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption,
including year, as well as the name of the judicial officer to whom it was assigned:

Price v. Warden John Brown, HAR-86-3289, 1986
Judge Hargrove United States District Court Maryland

Price v. Smith, HAR-86-2793, 1986
Judge Hargrove United States District Court-Maryland

II.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  ✓•Yes  ••No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  ✓•Yes  ••No

C.    If your answer to "B" is <u>Yes</u>:

1.  What steps did you take? Filed Administrative Grievances AND filed Informal Letter to Warden Deloy

2.  What was the result? Grievances systematically Returned AS NON-grievable, Retalitory transfer from institution.

D.    If your answer to "B" is <u>No</u>, explain why not: _____

_____

III.    **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Michael E. DeLoy

Employed as WARDEN at Sussex Correctional Institution

Mailing address with zip code: P.O. Box 500, Georgetown, DE 19947

_____

(2) Name of second defendant: _____

Employed as _____ at _____

Mailing address with zip code: _____

_____

(3) Name of third defendant: _____

Employed as _____ at _____

Mailing address with zip code: _____

_____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

4. Commissary/Food Deprivation. Defendant systematically promulgates a policy of deliberate indifference towards pretrial detainees as opposed to convicted inmates. Regarding commissary. Convicted inmates are permitted to order food items, televisions, radios, etc... on commissary. Pretrial detainees are not. Furthermore, Defendant promulgates a policy of food deprivation, providing substandard meal portions and routinely forces pretrial detainees to dump their meal trays for any number of minor infractions. Hence, the denial of food items on commissary is simply a tool utilized to enhance Defendant's policy of food deprivation as a means of behavioral control.

5. Religion. Defendant systematically promulgates a policy of deliberate indifference towards pretrial detainees as opposed to convicted inmates. The entire class of pretrial detainees are denied their right to exercise their religious beliefs the same as convicted inmates. There are absolutely no Islamic Services at all for pretrial

And limited services for the christian faith.

6. Segregation/Lockdown. Defendant systematically promulgates a policy of deliberate indifference towards pretrial detainees as opposed to convicted inmates. Plaintiff was placed in an ORANGE jump suit and automatically placed in isolation when he entered S.C.I. for No Reason. All incoming pretrial detainees are segregated on Housing Unit #4, denied basic liberties such as social functions (A.A., church services, etc...) for No disciplinary Reason other than Defendant chooses to. Furthermore, pretrial detainees are locked down AN Average of 21 hours a day for No disciplinary Reason while our convicted counterparts are seldom on lockdown unless its for disciplinary.

7. Recreation. Defendant systematically promulgates A policy of deliberate indifference towards pretrial detainees as opposed to convicted inmates. Convicted inmates ARE free to run a huge yard, lift weights, play softball, play basetball, etc.... Pre trial detainees Recreation consist of a small enclosed Concrete basketball court and thats it.

8. GRIEVANCE. Defendant systematically employs a policy of deliberate indifference towards pretrial detainees as opposed to convicted inmates. Defendant routinely rejects 90% of pretrial grievances as non grievable and systematically transfers inmates that file pertinent grievances out of Defendants institution. Plaintiff lives in Sussex County, his criminal charges arose in Sussex County, the charges will be tried in Sussex County and Plaintiffs family is in Sussex County. When Plaintiff filed numerous grievances, item 1-7 supra, Defendant systematically denied them all and transferred Plaintiff to Delaware Correctional center in Smyrna. Plaintiff has a capital offense which will result in a lengthy trial. It makes no sense to transfer Plaintiff daily to and from Sussex County. Wherefore, the only logical reason for transfer was retaliation for filing the grievances and exercising his right to be heard by this Honorable Court.

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. Medical. Defendant systematically promulgates Medical policy of deliberate indifference towards pre-trial detainees as opposed to convicted inmates. The policy violates Plaintiffs Rights of Due Process of Law as well as the entire class of pretrial detainees.

2. Dental. Defendant systematically promulgates dental policy of deliberate indifference towards pre-trial detainees as opposed to convicted inmates. The policy violates Plaintiffs Right of Due Process of Law as well as the entire class of pretrial detainees.

3. Visits. Defendant systematically promulgates a visitation policy of deliberate indifference towards pretrial detainees as opposed to convicted inmates. The policy violates Plaintiffs Right of Due Process of Law as well as the entire class of pre-trial detainees.

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Direct an order to Defendant to cease policies of deliberate indifference that have the effect of punishment absent adjudication of pretrial detainees criminal charges. To punish pretrial detainees is a violation of Plaintiffs rights

3

1) and protections afforded him by the 14th Amendment to due process of law. Also, to order Monetary relief in the amount of $100.- per day per pretrial detainee. To impose Any other relief the Court

2) May deem appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___8th___ day of ___July___, 2 _008_.

_____Millard Z._____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

Millard Price #441452
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977



Clerk
U.S. District Court
Lockbox 18
844 N. King Street
Wilmington, DE 19801



Legal Mail

