IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLARD E. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-444-GMS |
| | ) |
| WARDEN MICHAEL E. DELOY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Millard E. Price ("Price"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Prices's complaint contains numerous allegations complaining of the difference in treatment between pre-trial detainees and convicted inmates. For example he complains that prison policies affect the entire class of pre-trial detainees because they have more restrictive commissary policy, are denied the right to exercise their religious beliefs, are placed in isolation for no reason, have few exercise opportunities, their grievances are routinely denied, and they are retaliated against for filing grievances. Price alleges there are different policies in medical and dental care, as well as visitation. (D.I. 2.)

**II. STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Price is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some

factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Price proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted). .

### III. DISCUSSION

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Even when reading the complaint in the most favorable light to Price, he fails to state actionable constitutional claims. The allegations consist of labels and conclusions and do not apprise the defendants when the alleged conduct occurred. Moreover, most of the allegations are not directed at actions taken against Price but, instead, complain about actions allegedly taken against all pre-trial detainees. Price is obligated to provide the grounds of his entitlement to

relief, but he fails to do so.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Price will be given leave to amend his complaint. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_Oct 9_, 2008
Wilmington, Delaware

**FILED**

OCT - 9 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLARD E. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-444-GMS |
| | ) |
| WARDEN MICHAEL E. DELOY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 9th day of Oct, 2008, for the reasons set forth in the Memorandum issued this date

1. The complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The plaintiff is given leave to amend the complaint. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

OCT - 9 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE