IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLARD E. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-444-GMS |
| | ) |
| WARDEN MICHAEL E. DELOY, | ) |
| CARL DANBERG, PERRY PHELPS, | ) |
| and CORRECTIONAL MEDICAL | ) |
| SERVICES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Millard E. Price ("Price"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) His original complaint was dismissed with leave to amend. (D.I. 9.) The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A. (D. I. 10.)

**I. BACKGROUND**

Prices alleges violation of his right to due process and equal protection because pretrial detainees at the Sussex Correctional Institution ("SCI") and the James T. Vaughn Correctional Center ("VCC") are housed in more burdensome conditions than convicted inmates. More particularly, he alleges that pretrial detainees are: (1) provided less medical and dental care than convicted inmates; (2) provided less visits per week than convicted inmates; (3) denied the opportunity to order foods items via the commissary when convicted inmates are provided full

commissary rights; (4) not provided the same Christian services, bible study programs, and prayer meeting as afforded convicted inmates; (5) placed in lockdown status when convicted inmates are not; (6) are denied yard/exercises privileges when convicted inmates are assigned recreation time; (7) housed in overcrowded conditions; (8) subjected to unhealthy conditions "via" the cafeteria; and (9) not provided the right to be tried by an impartial tribunal during disciplinary proceedings. (D.I. 10 ¶¶ II. A.- E., G., H., J.- L.) He also alleges that he was arbitrarily placed in segregation for no reason, that his grievances are ignored or discarded, and as a form of punishment he was deprived of dinner on two occasions. (*Id.* at ¶¶ D., F., I.)

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and

take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Price is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Price proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Respondeat Superior

Commissioner of the Delaware Department of Correction Carl Danberg ("Danberg") and Warden Perry Phelps ("Phelps") are two of the named defendants. The amended complaint contains no allegations directed towards Danberg. The amended complaint alleges that Price wrote a letter to Phelps on September 29, 2008 with his complaints. The original complaint was filed on July 8, 2008, some two months prior to the time the letter was written.

As is well known, liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Price may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

There is no mention of Danberg in the complaint, much less to indicate that he was "driving force [behind]" the foregoing list of alleged violations. More so, the complaint does not indicate that Danberg was aware of Price's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the court will dismiss Danberg as a defendant inasmuch as the claims against him have no arguable basis in law or in fact.

Additionally, for personal involvement the Third Circuit requires contemporaneous, personal knowledge and acquiescence, not after the fact knowledge. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005). The amended complaint fails to allege Phelps' personal involvement. Indeed, it is clear from the allegations that Phelps was not made aware of Price's complaints until after the filing of this lawsuit. *See e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not reported) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). For the above reasons, the court will dismiss the claims against Danberg and Phelps as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Grievances

Price makes numerous allegations regarding his submission of grievances and an inadequate grievance procedure. The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not reported). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to prison grievance procedures. *Travillion v. Leon*, 248 F. App'x 353, 356 (3d Cir. 2007) (citations omitted) (not published); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure

confer prison inmates with any substantive constitutional rights. *Burnside,* 138 F. App'x at 417 (citations omitted). Price cannot maintain his constitutional claims based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the allegations of unconstitutional conduct relating to grievances filed will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Request for Counsel

Price requests counsel on the grounds that he is incarcerated, unskilled in the law, has no access to a law library, the VCC limits legal services, and counsel would best serve the interest of justice in this case. (D.I. 11.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that Price's claims have arguable merit in fact and law. *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993).

The court considers a number of factors when assessing a request for counsel, including: (1) Price's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Price to pursue investigation; (4) Price's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron v. Grace,* 6 F.3d at 155-57; *accord Parham,* 126 F.3d at 457; *Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is

warranted at this time. It is unclear whether Price's claims have arguable merit. Moreover, Price appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the court will deny without prejudice the request for counsel. (D.I. 11.)

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the grievance claims and all claims against Carl Danberg and Warden Perry Phelps as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Price will be allowed to proceed against Warden Michael E. Deloy and Correctional Medical Services. Price's request for counsel will be denied without prejudice. (D.I. 11.) An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

February 17, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLARD E. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-444-GMS |
| | ) |
| WARDEN MICHAEL E. DELOY, | ) |
| CARL DANBERG, PERRY PHELPS, | ) |
| and CORRECTIONAL MEDICAL | ) |
| SERVICES, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 17th day of Feb., 2009, for the reasons set forth in the Memorandum issued this date,

1. The plaintiff's request for counsel is denied without prejudice. (D.I. 11.)

2. The grievance claims and all claims against the defendants Carl Danberg and Perry Phelps are **dismissed** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Danberg and Phelps are dismissed from this action.

3. The court has identified what appears to be cognizable claims within the meaning of 28 U.S.C. § 1915A against the defendants Warden Michael E. DeLoy and Correctional Medical Services. Price is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the clerk of the court **original** "U.S. Marshal-285" forms for the **remaining defendants** Warden

Michael E. DeLoy and Correctional Medical Services, as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided the court with copies of the complaint (D.I. 2) and amended complaint (D.I. 10) for service upon the remaining defendants and the Chief Deputy Attorney General of the State of Delaware. **The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), amended complaint (D.I. 10), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of

Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　CHIEF, UNITED STATES DISTRICT JUDGE